IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 8:04CR17 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LUIS ALFREDO LUNA-MUNOZ, | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by the defendant, Luis Alfredo Luna-Munoz ("Luna-Munoz").[1] The motion will be denied.

I.

Luna-Munoz pled guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2) and was sentenced on December 29, 2004. He did not file a direct appeal. His sentence was enhanced because he was convicted of a

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

drug trafficking felony before his deportation. See Presence Report ¶ 19. However, pursuant to the plea agreement that I adopted, I also departed downward 2 levels to implement the provisions of an early disposition program. Thus, I sentenced the defendant to 46 months in prison, the low end of the otherwise applicable Guideline range after the early-disposition departure. The judgment was entered January 6, 2005, although the sentence was pronounced on December 29, 2005. As noted, Luna-Munoz did not file a direct appeal.

At sentencing Luna-Munoz signed a written waiver of any rights he might have under Blakely v. Washington, 124 S. Ct. 231 (2004) and consented to the court finding the relevant facts by the greater weight of the evidence. (Filing 32.) In his plea agreement, the defendant had also waived his right to appeal. (Filing 10 ¶ 3(d)).

On January 12, 2005, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005). Despite the fact that he had not filed a direct appeal raising Booker issues, Luna-Munoz filed a § 2255 motion on June 23, 2005, raising two claims. He asserts that his sentence was imposed in violation of Booker because I considered the federal sentencing guidelines to be mandatory rather than advisory. He also argues that 8 U.S.C. § 1326(b) is unconstitutional under Booker because it treats a prior felony conviction as a sentencing enhancement rather than as an element of the offense.

II.

A. Procedural default

Luna-Munoz did not raise his § 2255 claims on direct appeal. Because the defendant did not raise those issues on direct appeal, he is procedurally barred from raising the claims for the first time on collateral review. See, e.g., United States v. Matthews, 114 F.3d 112, 113 (8th Cir. 1997) (the failure to raise an issue on direct

appeal bars the movant from raising that issue for the first time in a § 2255 motion and this rule applies equally when a conviction was entered pursuant to a guilty plea; this procedural default can be excused only if the petitioner can show both cause that excuses the default, and actual prejudice from errors that are asserted.) The defendant has shown neither cause and prejudice for the failure to assert the defaulted claims on appeal nor actual innocence[2] of the offense of conviction.

B.  Barred by Written Waiver

Luna-Munoz raises only Booker issues in his § 2255 motion. He is barred from raising those issues by the written waiver he signed at the time of his sentencing.[3] That waiver included this provision:

> I have been advised of the Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (June 24, 2004). After having consulted with my counsel, I waive, which I understand to mean "give up" any rights I may have under the Blakely decision. Specifically, I waive, and give up, the . . . right to claim that the Sentencing Guidelines or the charges in this case are illegal or unconstitutional because of the Blakely decision.

---

[2] "In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction." McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001), cert. denied, 534 U.S. 1148 (2002). The defendant has made no showing of factual innocence.

[3] This waiver was drafted by the court, and was separate from the plea agreement in which Luna-Munoz waived "his right to appeal to the Eighth Circuit Court of Appeals, any aspect of this case or the deportation/removal matter." (Filing 10 ¶ 3(d).) The very broad waiver in the plea agreement (a plea agreement that called for a 2 level departure in favor of the defendant) further supports the conclusion the defendant knowingly waived his right to challenge any Guideline sentence on appeal.

(Filing 32.) Luna-Munoz entered into this <u>Blakely</u> waiver knowingly and voluntarily, as evidenced by these provisions in the waiver:

> In making this waiver, I recognize and state the following:
>
> 1. The sentencing judge will determine by the greater weight of the evidence, and not beyond a reasonable doubt, each factor that may make my sentence worse under the Sentencing Guidelines.
>
> 2. On appeal, I will not be able to use the <u>Blakely</u> decision to contest the charges or the sentence.
>
> 3. Before I signed this document, my lawyer explained the <u>Blakely</u> decision and this waiver to me and he or she answered all of my questions.
>
> 4. I know that I do not have to make this waiver. No one has threatened me or promised me anything to get me to make this waiver. I make this waiver because, after talking with my lawyer, I believe that it is in my best interests to do so.

(Filing 32.)[4]

     This <u>Blakely</u> waiver bars the <u>Booker</u> claims made by Luna-Munoz. In <u>Booker</u>, the Supreme Court held that mandatory application of the federal sentencing guidelines violated the Sixth Amendment because it deprived defendants of their right to insist that a jury decide all facts legally essential to their punishment. <u>Booker</u> is an extension of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) which found that state

---

[4]Luna-Munoz has not raised the argument that his <u>Blakely</u> waiver is ineffective because it was not made knowingly and voluntarily. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-91(8th Cir. 2003) (appeal waivers in plea agreements are enforceable if entered into knowingly and voluntarily). Had he raised this argument, the terms of the waiver would belie it.

sentencing guidelines violated the Sixth Amendment for the same reason.[5] The Court in Booker also found the federal sentencing guidelines to be advisory rather than mandatory. As Booker is an extension of Blakely, an effective waiver of Blakely claims acts to bar Booker claims in a habeas petition. Cf. United States v. Young, Nos. 04-2386, 04-2400, 2005 WL 1558486, at *3 (8th Cir. July 5, 2005) (plea agreement waiving right to appeal or otherwise challenge constitutionality of federal sentencing guidelines "encompasses a Blakely/Booker challenge" on direct appeal).

### C. Almendarez-Torres not overruled by Booker

Finally, I note that if I were to reach the merits of the §2255 claims, the Eighth Circuit has squarely rejected the claim that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998) (a prior conviction is a sentencing factor for the court rather than a fact issue for the jury), has been undermined by Booker. U.S. v. Patterson, No. 04-1178, 2005 WL 1123555, at *2 (8th Cir. May 13, 2005) ("To the contrary, the Supreme Court reaffirmed the Almendarez-Torres principle in Booker, 125 S. Ct. at 756, noting that the fact of 'a prior conviction' need not be admitted by the defendant or proved to a jury beyond a reasonable doubt. See also Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (Thomas J., concurring) (noting that the Court has not reconsidered its decision in Almendarez-Torres ).").

---

[5]The holdings in Booker and Blakely are applications of the rule expressed in Apprendi v. New Jersey, 530 U.S. 466 (2000). Booker, 125 S. Ct. at 747 (the questions presented on certiorari were "whether our Apprendi line of cases applies to the [Federal] Sentencing Guidelines, and if so, what portions of the Guidelines remain in effect"); Blakely, 124 S. Ct. at 2536 ("This case requires us to apply the rule we expressed in Apprendi . . . ."). Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

Accordingly,

IT IS ORDERED that:

1. The defendant's § 2255 motion (filing 37) is dismissed; and

2. Judgment shall be entered by separate document.

July 12, 2005.                              BY THE COURT:

                                            *s/ Richard G. Kopf*
                                            United States District Judge